IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA COLLINS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1310 |
| | : | |
| SHUTTERED VENUES OPERATION GRANT, | : | |
| | : | |
|     Defendant. | : | |

<u>MEMORANDUM</u>

PADOVA, J.                                                                                     SEPTEMBER 22, 2022

*Pro se* Plaintiff Natasha Collins filed an Amended Complaint against the Shuttered Venues Operation Grant ("SVOG"), a program apparently administered by the Small Business Administration ("SBA"), which provided emergency assistance to eligible venues affected by COVID-19. Collins seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Collins leave to proceed *in forma pauperis* and dismiss her Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    **FACTUAL ALLEGATIONS**

The allegations in the Amended Complaint are brief.[1] Collins alleges she applied for a grant from the SVOG Program for her small business and that the grant was denied. (Am.

---

[1] The original Complaint in this case was filed by Collins on behalf of her business, All Star Entertainment as the Plaintiff. (ECF No. 1.) By Order filed July 13, 2022, the Court advised Collins that "although an individual may represent himself or herself *pro se*, a non-attorney may not represent other parties in federal court." (ECF No. 3 at 3 (quoting *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018)).) The Court also advised Collins that "a corporation or other artificial entity" — like her small business — "may only appear in court through licensed counsel and may not proceed in forma pauperis." (*Id.* (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 201-02 (1993)).) The Court also directed Collins to file an Amended Complaint because the original Complaint, which consisted of a letter and attachments, "fail[ed] to meet the

Compl. at 4.)[2]  The grant was for "pandemic relief funds" in the amount $475,650.  (*Id*. at 3.)  Collins alleges that the grant funds were wrongfully denied by SVOG.  (*Id*. at 4.)  For relief, she requests "475,650 in monetary compensation" and that the Court "demand [SVOG] to release the total amount of the funds of $475,650 to [her] immediately."  (*Id*. at 5.)

## II.   STANDARD OF REVIEW

The Court grants Collins leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (third, fifth, and sixth alterations in original) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Collins is proceeding *pro se*, the Court

---

requirements of the Federal Rules of Civil Procedure and therefore [could not] proceed in its [then] present form."  (*Id*. at 2.)  Collins responded with an Amended Complaint that named only herself individually as the Plaintiff and SVOG as the Defendant.  (ECF No. 5.)  Collins also filed a Motion to Proceed *in Forma Pauperis*.  (ECF No. 4.)

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Although it is not clear what specific cause of action Collins alleges,[3] liberally construing her Amended Complaint, the Court understands Collins to be requesting judicial review of the SBA's decision to deny her a grant through the SVOG program. The SVOG Program was established by Congress through the Economic Aid to Hard-Hit Small Business, Nonprofits, and Venues Act (the "Economic Aid Act") and amended by the American Rescue Plan Act. *See* https://www.sba.gov/funding-programs/loans/covid-19-relief-options/shuttered-venue-operators-grant/about-svog (last accessed September 19, 2022).[4] The program's aim is to provide emergency assistance for eligible venues that were affected by the COVID-19 pandemic and included over $16 billion in grants to shuttered venues. *Id*. The SVOG Program is administered by the SBA and its Administrator, Isabella Casillas Guzman.[5] Collins cites to no authority that would permit the Court to review a decision by the SBA to deny a grant under the Program. Assuming the Court has the authority to review the SBA's denial, Collins' Amended Complaint is nevertheless dismissed.

---

[3] On the form Complaint, Collins checked the box for "Diversity of Citizenship" when asked to indicate the basis for federal court jurisdiction. However, because Collins brings claims against a federal program, we construe her case as invoking the Court's federal question jurisdiction.

[4] The Court may take judicial notice of information posted on official public websites of Government agencies. *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017); *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 259 (E.D. Pa. 2020).

[5] Although the program is no longer accepting new applicants, the program remains open to active applicants. *See* https://www.sba.gov/funding-programs/loans/covid-19-relief-options/shuttered-venue-operators-grant (last accessed Sept. 19, 2022).

Collins has named SVOG as the only Defendant. SVOG is a government program administered by a government agency, namely the SBA. Regardless of who Collins sued, however, her Amended Complaint fails. Notably, the allegations are conclusory and undeveloped. Collins provides no information about her small business, including its name and its legal existence, and offers no facts about the circumstances giving rise to her application for and denial of a grant through the SVOG Program. She simply states that her SVOG grant was wrongfully denied, which is not sufficient. *See Iqbal*, 556 U.S. at 678 (stating that conclusory allegations do not suffice). In addition, she has included no facts about whether she met the threshold eligibility requirements for an SVOG grant. The Economic Aid Act provides that to be eligible for a SVOG grant, the applicant must be a live venue operator or promoter, theatrical producer, live performing arts organization operator, museum operator, motion picture theatre operator, or a talent representative. 15 U.S.C. § 9009a(a)(1)(A). In addition, the applicant must show: (1) that they were fully operational on February 29, 2020; and (2) that they had at least 25% less gross earned revenue in any quarter in 2020 than it had the same quarter a year earlier. *Id*. at § 9009a(a)(1)(A)(i). Collins fails to include any information about her or her small business' eligibility.

In addition, if Collins's small business (as opposed to Collins herself) applied for and was denied the SVOG grant and Collins now files the Amended Complaint on behalf of her small business, she is not permitted to do so. This is because " [a]lthough an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018)); *see also Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa*., 937 F.2d 876, 882-83 (3d Cir. 1991). "The federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from

pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, 610 F. App' x 155, 157 (3d Cir. 2015) (*per curiam*) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)).  Accordingly, although Collins may represent herself *pro se*, to the extent she seeks to assert claims belonging to her small business in a representative capacity *pro se*, she is prohibited from doing so.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Collins's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Considering Collins's *pro se* status, she will be given the option of filing a second amended complaint in the event she can cure the defects the Court has noted.  An appropriate Order follows.

**BY THE COURT:**

/s/ John R. Padova

**JOHN R. PADOVA, J.**