IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA COLLINS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHUTTERED VENUES | : | |
| OPERATIONS GRANT, ET AL. | : | NO. 22-1310 |

**MEMORANDUM**

**Padova, J.**                                                                                                                                                  **August 28, 2023**

Plaintiff has brought the instant proceeding pro se against the United States Small Business Administration ("SBA") on the ground that the SBA improperly denied her application for a Shuttered Venue Operators Grant ("SVOG")[1] for her business All Star Entertainment. The Government has filed a Motion to Dismiss the Second Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For

---

[1] The SBA explains that the SVOG program "was established by the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, and amended by the American Rescue Plan Act." U. S. Small Business Administration, About SVOG, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/shuttered-venue-operators-grant/about-svog (last updated May 30, 2023). The SVOG "provide[d] emergency assistance for eligible performing arts businesses affected by COVID-19" and "include[d] over $16 billion in grants to shuttered venues." Id. "Eligible applicants [could] qualify for grants equivalent to 45% of their gross earned revenue, with the maximum amount available for a single grant award of $10 million." Id. We may consider the SBA's description of the SVOG program in connection with this Motion because we may take judicial notice of information that is publicly available on Government websites. See Vanderklok v. United States, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (citing Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)). Entities that were eligible for SVOG grants include "a live venue operator or promoter, theatrical producer, or live performing arts organization operator, a relevant museum operator, a motion picture theatre operator, or a talent representative." 15 U.S.C. § 9009a(1)(A). In order to be eligible for an SVOG grant, the entity must have been "fully operational" on February 29, 2020 and have had "gross earned revenue during the first, second, third, or . . . fourth quarter in 2020 that demonstrates not less than a 25 percent reduction from the gross earned revenue of the [entity] during the same quarter in 2019." Id. § 9009a(1)(A)(i).

the reasons that follow, we grant the Motion and dismiss the Second Amended Complaint with prejudice.

I.  **BACKGROUND**

On March 31, 2022, this Court received a letter from Plaintiff, stating that the agency that runs the SVOG program denied her application for pandemic relief funds in the amount of $475,650. (Docket No. 1 at 1 of 72.) She asked that the Court grant her the money for which she had applied. (Id.) We concluded that the letter, and the documents attached to the letter, were insufficient to meet the requirements of the Federal Rules of Civil Procedure for a complaint and issued an order explaining to Plaintiff how to file a complaint in this Court that complies with the Rules. (See Docket No. 3.) On July 21, 2022, Plaintiff applied for leave to proceed in forma pauperis and filed an Amended Complaint on this Court's standard form. (See Docket Nos. 4 and 5.) The Amended Complaint stated that Plaintiff was filing a lawsuit against the SVOG because her SVOG application in the amount of $475,650 had been wrongfully denied. (See Docket No. 5 at 4 of 7.) On September 22, 2022, we granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis and dismissed the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. (See Docket No. 7.) We explained that we were dismissing the Amended Complaint because it was not clear what cause of action Collins sought to allege or what entity she sought to sue. (See Docket No. 6 at 3-4.) We also noted that the Amended Complaint failed to allege a cognizable claim because the allegations therein were conclusory and undeveloped and provided "no information about [Plaintiff's] small business, . . . offer[ed] no facts about the circumstances giving rise to [Plaintiff's] application for and denial of a grant through the SVOG Program," and "included no facts about whether [Plaintiff] met the threshold eligibility requirements for an SVOG grant." (Id.

2

at 4.) We dismissed the Amended Complaint without prejudice and allowed Plaintiff to file a Second Amended Complaint that cured these defects.

The Second Amended Complaint, which Plaintiff filed on October 24, 2022, alleges one claim against the SBA. (2d Am. Compl. at 3 of 14.) It alleges that Plaintiff's business, All Star Entertainment, which was a talent management business, closed in March 2021 because of the COVID-19 pandemic. (Id.) The Second Amended Complaint further alleges that Plaintiff's SVOG application for All Star Entertainment was wrongfully denied by the SBA in September 2021. (Id.) The Second Amended Complaint also alleges that All Star Entertainment met all eligibility requirements for a grant in the amount of $475,650 because it lost 90% of its revenue and was closed due to the COVD-19 pandemic. (Id.) The Second Amended Complaint seeks relief in the form of an award of $475,650 in SVOG funds. (Id. at 4 of 14)

The Government was served with the Second Amended Complaint on May 16, 2023 and filed the instant Motion to Dismiss on July 11, 2023. The Government argues that the Second Amended Complaint should be dismissed because this Court lacks subject matter jurisdiction over Plaintiff's claims against the SBA and because it does not state a claim against the SBA related to the denial of Plaintiff's application for SVOG funds on which relief can be granted. Plaintiff has not filed a response to the Motion.[2]

---

[2] Since Plaintiff has not filed a response to the Motion to Dismiss we could grant the Motion as uncontested pursuant to Local Rule of Civil Procedure 7.1(c). However, because Plaintiff is not represented by counsel, we have considered the Motion on the merits. See Xenos v. Hawbecker, 441 F. App'x 128, 131 (3d Cir. 2011) (expressing "a preference for an assessment of the complaint on its merits" when plaintiff is not represented by counsel (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991))). Moreover, since Plaintiff is proceeding pro se, we liberally construe the Second Amended Complaint. Rivera v. Monko, 37 F.4th 909, 914 (3d Cir. 2022) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

## II.   LEGAL STANDARD

As we mentioned above, the Government has moved to dismiss the Second Amended Complaint both for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  "Our jurisdictional inquiry must precede any discussion of the merits of the case for if a court lacks jurisdiction and opines on a case over which it has no authority, it goes 'beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers.'" Elliott v. Archdiocese of N.Y., 682 F.3d 213, 219 (3d Cir. 2012) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)) (citing Cunningham v. R.R. Ret. Bd., 392 F.3d 567, 570 (3d Cir. 2004)); see also McCracken v. R.J. Reynolds Tobacco Co., Civ. A. No. 17-4495, 2018 WL 692934, at *2 n.22 (E.D. Pa. Feb. 2, 2018) ("When a motion under Federal Rule of Civil Procedure 12 is based on several grounds, a court should first consider a 12(b)(1) challenge because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." (quotations omitted)).  Therefore, "if we determine that we do not have jurisdiction over this [action], our 'only function remaining [will be] that of announcing the fact and dismissing the cause.'" Elliott, 682 F.3d at 219 (second alteration in original) (quoting Steel Co., 523 U.S. at 94). Thus, we begin our analysis with the Government's argument that the Second Amended Complaint should be dismissed pursuant to Rule 12(b)(1) and we will only analyze its Rule 12(b)(6) arguments if we have subject matter jurisdiction.

When a party argues that subject matter jurisdiction is lacking under Rule 12(b)(1), we must first "determine whether the challenge is a facial attack or a factual attack." GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 35 (3d Cir. 2018) (citing Const. Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014)).  "A facial attack . . . is an argument that considers a

claim on its face and asserts that it is insufficient to invoke subject matter jurisdiction. . . .\" Id. (first alteration in original) (quoting Const. Party of Pa., 757 F.3d at 358). "'A factual attack . . . is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction.'" Id. (second alteration in original) (quoting Const. Party of Pa., 757 F.3d at 358). The Government's Motion to Dismiss relies on evidence outside of the Second Amended Complaint, i.e., the Declaration of Allison Richards, Deputy Director for the SVOG Program in the SBA's Office of Disaster Assistance. (See Richards Decl. ¶ 1.) We conclude, accordingly, that the instant Motion to Dismiss asserts a factual attack on our subject matter jurisdiction.

"[T]he party asserting the existence of federal jurisdiction[] ha[s] the burden of alleging a legal basis for exercising such jurisdiction." Aldossari ex rel. Aldossari v. Ripp, 49 F.4th 236, 260 (3d Cir. 2022) (citing Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105-06 (3d Cir. 2015); Fed. R. Civ. P. 8(a)(1)). Thus, on "a Rule 12(b)(1) motion, it is the plaintiff's responsibility to show that the court has subject matter jurisdiction." Potter v. Cozen & O'Connor, 46 F.4th 148, 155 (3d Cir. 2022) (citing Grp. Against Smog & Pollution, Inc. v. Shenango Inc., 810 F.3d 116, 122 n.6 (3d Cir. 2016); Hartig Drug Co. v. Senju Pharm. Co., 836 F.3d 261, 272 n.14 (3d Cir. 2016)). "[A] factual 12(b)(1) challenge attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." Hartig Drug Co., 836 F.3d at 268 (citing Const. Party of Pa., 757 F.3d at 358). "The defendant has the initial burden of production to raise a factual challenge." GBForefront, L.P., 888 F.3d at 35 (citing Washington v. Hovensa LLC, 652 F.3d 340, 345 & n.2 (3d Cir. 2011)). "Once a factual challenge has been raised, the plaintiff then has the burden of proof to establish . . . jurisdiction by a preponderance of the evidence." Id. (citing McCann v. Newman Irrevocable Tr., 458 F.3d 281, 288-89 (3d Cir. 2006)).

A court considering a factual challenge to subject matter jurisdiction "'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case,' and 'no presumptive truthfulness attaches to [the] plaintiff's allegations.'" Hartig Drug Co., 836 F.3d at 268 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). In doing so, it "'may weigh and consider evidence outside the pleadings.'" Id. (quoting Const. Party of Pa., 757 F.3d at 357).

### III.   DISCUSSION

The Government argues that we lack subject matter jurisdiction over Plaintiff's claim for an award under the SVOG program because the SVOG program period has expired and its funds are exhausted, thus mooting Plaintiff's claim. "[A] case is moot if 'developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief.'" Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (quoting Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996)). We lack subject matter jurisdiction over claims that have become moot. See Goodmann v. People's Bank, 209 F. App'x 111, 113 (3d Cir. 2006) ("The District Court lacks subject matter jurisdiction when the controversy has become moot."); see also United States v. Gov't of Virgin Islands, 363 F.3d 276, 285 (3d Cir. 2004) ("If a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it." (citing U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396-97 (1980))).

Clearly, if the SVOG program has no funds, we cannot grant Plaintiff the relief she seeks, i.e., an award of the $475,650 SVOG that Plaintiff applied for on behalf of her business, All Star Entertainment. (See 2d Am. Compl. at 3-4 of 14.) Allison Richards, the Deputy Director for the SVOG Program, explain in Declaration that, at this time, there are no remaining funds available for SVOG awards. (Richards Dec. ¶ 14.) Richards explains that Congress initially "appropriated

$16.25 billion in funding for the SVOG program as part of its response to the COVID-19 pandemic." (Id. ¶ 4.)  On June 25, 2022, Congress rescinded $1.2 billion in SVOG funds in connection with the "Keep Kids Fed Act of 2022." (Id. ¶ 5.)  As of July 5, 2022, the SBA had disbursed approximately $14.57 billion in SVOG funds. (Id. ¶ 6.)  On December 22, 2022, Congress rescinded another $459 million in SVOG funds as part of the "Consolidated Appropriations Act, 2023." (Id. ¶ 8.)  At that time, there was only $454,328,922 available in SVOG funds. (Id. ¶ 9.)  Consequently, Congress rescinded more money from the SVOG funds than the SBA had remaining and the SBA owes $4.6 million to the U.S. Treasury. (Id. ¶¶ 10-11.) Therefore, the SBA no longer has SVOG funds with which it could satisfy a judgment if this Court were to find in favor of Plaintiff on her claim against the SBA in this case.

We conclude, based on the Richards Declaration, that the Government has satisfied its burden of production with respect to its argument that this action is now moot as a result of Congressional actions that have taken place since Plaintiff commenced this action and that would prevent this Court from being able to grant Plaintiff the relief she seeks. See Hamilton, 862 F.3d at 335.  Plaintiff has failed to come forward with any evidence that could establish that this action is not moot, and we are not aware of evidence showing that Congress will refund the SVOG program or take any other action that would allow this Court to award the relief Plaintiff seeks. See Hartig Drug Co., 836 F.3d at 268 (citation omitted).  Accordingly, we further conclude that this action is moot and we lack subject matter jurisdiction over Plaintiff's claim against the SBA. We need not consider the Government's other arguments, as our only remaining function is to dismiss this case. Elliott, 682 F.3d at 219 (quoting Steel Co., 523 U.S. at 94)).

## IV. CONCLUSION

For the reasons stated above, we conclude that we lack subject matter jurisdiction over Plaintiff's claim against the SBA and we grant the Government's Motion to Dismiss with prejudice.

BY THE COURT:

/s/ John R Padova

_____

John R. Padova, J.