IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA COLLINS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHUTTERED VENUES | : | |
| OPERATIONS GRANT, ET AL. | : | NO. 22-1310 |

**MEMORANDUM**

**Padova, J.**                                                           **January 4, 2024**

Plaintiff Natasha Collins has brought the instant proceeding pro se against the United States

Small Business Administration ("SBA") on the ground that the SBA improperly denied her

application for a Shuttered Venue Operators Grant ("SVOG")[1] for her business All Star

Entertainment.   On August 28, 2023, this Court granted the Government's Motion to Dismiss for

lack of subject matter jurisdiction, because the SVOG's funds were depleted, mooting Plaintiff's

claim.  Collins v. Shuttered Venues Operators Grant, Civ. A. No. 22-1310, 2023 U.S. Dist. LEXIS

152017, *8-9 (E.D. Pa. Aug 28, 2023.)   However, counsel for the Government subsequently

learned that the financial situation of the SVOG program had changed and filed the instant Motion

to Reopen the August 28, 2023, Memorandum and Order pursuant to Federal Rule of Civil

---

[1] The SBA explains that the SVOG program "was established by the Economic Aid to
Hard-Hit Small Businesses, Nonprofits, and Venues Act, and amended by the American Rescue
Plan Act." U. S. Small Business Administration, About SVOG, https://www.sba.gov/funding-
programs/loans/covid-19-relief-options/shuttered-venue-operators-grant/about-svog (last updated
Dec. 12, 2023) [https://perma.cc/9CXM-RFFN].  The SVOG "provide[d] emergency assistance
for eligible performing arts businesses affected by COVID-19" and "include[d] over $16 billion
in grants to shuttered venues." Id.  "Eligible applicants [could] qualify for grants equivalent
to 45% of their gross earned revenue, with the maximum amount available for a single grant award
of $10 million." Id.  We may consider the SBA's description of the SVOG program in connection
with this Motion because we may take judicial notice of information that is publicly available on
Government websites.  See Vanderklok v. United States, 868 F.3d 189, 205 n.16 (3d Cir. 2017)
(citing Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)).

Procedure 60(b)(1) and Local Rule Civil Procedure 7.1(g).  In this Motion, the Government asks us to  vacate our August 23, 2023 Order dismissing this action as moot pursuant to Federal Rule of Civil Procedure 12(b)(1) and dismiss the Second Amended Complaint pursuant to Rule 12(b)(6).  (Id.)  For the reasons that follow, we grant the instant Motion, vacate our August 28, 2023, Memorandum and Order, reopen this proceeding, and dismiss the Second Amended Complaint with prejudice.

I.      BACKGROUND

On March 31, 2022, this Court received a letter from Plaintiff, stating that the agency that runs the SVOG program denied her application for pandemic relief funds in the amount of $475,650.  (Docket No. 1 at 1 of 72.)  She asked that the Court grant her the money for which she had applied.  (Id.)  We concluded that the letter, and the documents attached to the letter, were insufficient to meet the requirements of the Federal Rules of Civil Procedure for a complaint and issued an order explaining to Plaintiff how to file a complaint in this Court that complies with the Rules.  (See Docket No. 3.)  On July 21, 2022, Plaintiff applied for leave to proceed in forma pauperis and filed an Amended Complaint on this Court's standard form.  (See Docket Nos. 4 and 5.)  The Amended Complaint stated that Plaintiff was filing a lawsuit against the SVOG because her SVOG application in the amount of $475,650 had been wrongfully denied.  (See Docket No. 5 at 4 of 7.)  On September 22, 2022, we granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis and dismissed the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  (See Docket No. 7.)  We explained that we were dismissing the Amended Complaint because it was not clear what cause of action Collins sought to allege or what entity she sought to sue.  (See Docket No. 6 at 3-4.)  We also noted that the Amended Complaint failed to allege a cognizable claim because the

allegations therein were conclusory and undeveloped and provided "no information about [Plaintiff's] small business, . . . offer[ed] no facts about the circumstances giving rise to [Plaintiff's] application for and denial of a grant through the SVOG Program," and "included no facts about whether [Plaintiff] met the threshold eligibility requirements for an SVOG grant." (Id. at 4.)  We dismissed the Amended Complaint without prejudice and allowed Plaintiff to file a Second Amended Complaint that cured these defects.

The Second Amended Complaint, which Plaintiff filed on October 24, 2022, asserts one claim against the SBA.  (2d Am. Compl. at 3 of 14.)  It alleges that Plaintiff's business, All Star Entertainment, which was a talent management business, closed in March 2021 because of the COVID-19 pandemic.  (Id.)  The Second Amended Complaint further alleges that Plaintiff's SVOG application for All Star Entertainment was wrongfully denied by the SBA in September 2021.  (Id.)  The Second Amended Complaint also alleges that All Star Entertainment met all eligibility requirements for a grant in the amount of $475,650 because it lost 90% of its revenue and was closed due to the COVD-19 pandemic.  (Id.)  The Second Amended Complaint seeks relief in the form of an award of $475,650 in SVOG funds.  (Id. at 4 of 14)

The Government was served with the Second Amended Complaint on May 16, 2023, and filed a Motion to Dismiss on July 11, 2023.  The Government argued that the Second Amended Complaint should be dismissed because this Court lacks subject matter jurisdiction over Plaintiff's claims against the SBA and because it does not state a claim against the SBA related to the denial of Plaintiff's application for SVOG funds on which relief can be granted.

On August 28, 2023, we granted the Government's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the SVOG program period expired and its funds were depleted, thus mooting Plaintiff's claim.  See

Collins v. Shuttered Venues Operators Grant, 2023 U.S. Dist. LEXIS 152017 at *6.  However, as we mentioned above, after our Memorandum and Order were issued, counsel for the Government was informed that the SBA had unexpectedly recovered approximately $23 million in funds for the SVOG program from past SVOG recipients. The Government then filed the instant Motion to Reopen and Dismiss. Plaintiff has not filed a response to the Motion[2].

II.     RULE 60(b)

The Government moves to vacate our August 28, 2023 Memorandum and Order, which dismissed the Second Amended Complaint because Plaintiff's claim was moot due to the apparent depletion of SVOG funds.  Since the SBA has recovered approximately $23 million in funds for the SVOG, which funds may be available to applicants such as Plaintiff, the Government has withdrawn its argument that her claim against the SBA is moot. (See Mot. to Reopen at 4.)

The Government asks us to reopen this case pursuant to Federal Rule of Civil Procedure 60(b)(1) and Local Rule of Civil Procedure 7.1(g), which govern the filing of motions for reconsideration.  Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from a final judgment . . . for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)[3].   The term "mistake" as it is used in Rule 60(b)(1) is

---

[2] Since Plaintiff has not filed a response to the Instant Motion to Reopen and to Dismiss, we could grant the Motion as uncontested pursuant to Local Rule of Civil Procedure 7.1(c). However, because Plaintiff is not represented by counsel, we have considered the Motion on the merits.  See Xenos v. Hawbecker, 441 F. App'x 128, 131 (3d Cir. 2011) (expressing "a preference for an assessment of the complaint on its merits" when plaintiff is not represented by counsel (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991))).  Moreover, since Plaintiff is proceeding pro se, we liberally construe the Second Amended Complaint.  Rivera v. Monko, 37 F.4th 909, 914 (3d Cir. 2022) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

[3] Local Rule of Civil Procedure 7.1(g) governs the timing of the Filing of a motion for reconsideration. See L. R. 7.1(g).

broadly construed to include both legal and factual mistakes. See <u>Kemp v. United State</u>s, 596 U.S. 528, 534-35 (2022).

The Government asserts that the SBA had recovered the new funds prior to our August 28, 2023, Memorandum and Order, but had inadvertently failed to notify the Court.  We conclude, based on the Government's Motion, that its mistaken representation to this Court that the SVOG was out of funds was inadvertent.

The Government represents that the SBA has recovered approximately $23 million in SVOG funds through bankruptcy and other proceedings.  Consequently, there is a possibility that the SBA could pay a judgment in connection with an improperly denied SVOG application. Because "there is money at stake, the case is not moot." <u>United States v. Washington</u>, 596 U.S. 832, 837 (2022); (citing <u>Mission Prod. Holdings, Inc. v. Tempnology, LLC,</u> 587 U.S. ___, 139 S. Ct. 1652, 1660 (2019).  Accordingly, we grant the Government's request that we vacate our August 28, 2023, Memorandum and Order and reopen this proceeding.

III.    RULE 12(b)(6)

Since we have granted the Government's request that we vacate our August 28, 2023, Memorandum and Order and reopen this case, we also consider the Government's renewed request that we dismiss this claim, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

A.  <u>Legal Standard</u>

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "'consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" <u>Alpizar-Fallas v. Favero</u>, 908 F.3d 910, 914 (3d Cir. 2018) (quoting <u>Mayer v. Belichick</u>, 605 F.3d

223, 230 (3d Cir. 2010)). "We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). However, we "need not 'accept as true a legal conclusion couched as a factual allegation.'" Host Int'l, Inc. v. Marketplace PHL, LLC, 32 F.4th 242, 248 (3d Cir. 2022) (quoting Papasan v. Alain, 478 U.S. 265, 286 (1986)) (add'l citation omitted).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" which "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (first quoting Fed. R. Civ. P. 8(a)(2); and then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must allege "'sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Bibbs v. Trans Union LLC, 43 F.4th 331, 339 (3d Cir. 2022) (alteration in original) (quoting Warren Gen. Hosp., 643 F.3d at 84). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555).

Plaintiff has brought this action pro se. "Although pro se plaintiffs are not held to the same standard as lawyers when the Court analyzes formal pleadings, any pleading must still contain sufficient factual allegations that, when accepted as true, 'state a claim to relief that is plausible on

its face.'" Kemerer v. Hilliard, Civ. A. No. 18-374, 2018 U.S. Dist. LEXIS 118495, *2-3 (W.D. Pa. July 17, 2018) (quoting Iqbal, 556 U.S. at 678) (citing Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015)).  A pro se complaint is "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94, (2007) (quotation omitted).

     B.  Discussion

     The Government argues that we should dismiss the Second Amended Complaint with prejudice because it fails to plausibly allege that the SBA violated the Administrative Procedures Act ("APA") in connection with Plaintiff's SVOG application.[4]  The APA provides that we may review "[a]gency action[s] . . .  for which there is no other adequate remedy in a court" 5 U.S.C. § 704.  Under the APA, a court may set aside an agency action that was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).

     The Government argues that the Second Amended Complaint fails to allege a facially plausible APA claim because it fails to allege facts that would show that the SBA's decision to deny Plaintiff's SVOG application was arbitrary and capricious.  When deciding if an agency's decision is arbitrary and capricious, we consider, "whether the agency relied on factors outside those Congress intended for consideration, completely failed to consider an important aspect of the problem, or provided an explanation that is contrary to, or implausible in light of, the evidence." NVE Inc. v. HHS, 436 F.3d 182, 190 (3d Cir. 2006) (citing Motor Vehicle Mfrs. Ass'n v. State

---

[4] The Government contends that we should dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) because it fails to plausibly allege that the United States waived its sovereign immunity with respect to Plaintiff's claim.  However, the Government also suggests that if we construe that Second Amended Complaint liberally, as we must, see Erickson, 551 U.S. at 94, it may be understood to assert a claim for a violation of the APA.  Consequently, we consider the Second Amended Complaint as assessing a claim for violation of the APA, which "broadly waives sovereign immunity." Gentile v. Sec. Exch. Comm'n, 974 F.3d 311, 313 (3d Cir. 2020); see also 5 U.S.C. § 702.

<u>Farm Mut. Auto. Ins. Co</u>., 463 U.S. 29, 43 (1983)).  "Judicial review in such suits focuses on the agency's decision-making *process*, not on the decision itself."  <u>Id.</u> at 190. We may set aside an agency decision "only where the administrative action is irrational and not based on relevant factors."  <u>NVE Inc.</u>, 436 F.3d at 182 (citing <u>Pennsylvania Dep't of Pub. Welfare v. United States Dep't of Health and Human Servs.</u>, 101 F.3d 939, 943 (3d Cir. 1991)).  "The scope of review under the 'arbitrary and capricious' standard is narrow, and a court is not to substitute its judgment for that of the agency."  <u>Motor Vehicle Mfrs. Assoc.</u>, 463 U.S. at 43.

The SVOG program's eligibility requirements are outlined in 15 U.S.C. § 9009a. Companies eligible for an SVOG include, "live venue operator[s] or promoter[s], theatrical producer[s] . . . motion picture theatre operator[s], or talent representative[s]."  15 U.S.C. § 9009a(a)(1)(A).  The Second Amended Complaint alleges that All Star Entertainment was a talent management business and was an eligible entity under this section. (<u>See</u> 2d Am. Compl. at 3 of 14.)  Section 9009a further requires that to be eligible for an SVOG, the entity must have been operational before February 29, 2020, and must show that it suffered no less than a 25 percent reduction from the gross earned revenue for the same quarter in 2019.  <u>Id.</u> § 9009a(1)(A)(i).  The Second Amended Complaint has failed to allege the amount of All Star Entertainment's revenue for either 2019 or 2020.  Rather, it states only that All Star lost 90% of its revenue due to the pandemic.  (<u>See</u> 2d Am. Compl. at 3-4 of 14.)   We conclude, accordingly, that the Second Amended Complaint does not plausibly allege that All Star Entertainment was entitled to an SVOG.  Moreover, the Second Amended Complaint does not allege any facts concerning the SBA's denial of Plaintiff's SVOG application.  We thus conclude that the Second Amended Complaint fails to plausibly allege that the SBA's denial of Plaintiff's SVOG application was arbitrary and capricious.

IV.     CONCLUSION

For the reasons stated above, we vacate our August 28, 2023 Order and reopen this proceeding to consider the Government's request that we dismiss the Second Amended Complaint pursuant to Rule 12(b)(6).  We conclude that the Second Amended Complaint fails to state a claim upon which relief could be granted under the APA and we grant the Government's request that we dismiss the Second Amended Complaint.  Plaintiff has previously had two opportunities to amend her Complaint and has failed to file an amended complaint that alleges a plausible claim for relief.  Consequently, we dismiss the Second Amended Complaint with prejudice.

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.